IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Stanley Conley, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>      Defendant. | Case No. 19-4363<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff[1] brings this action, on behalf of themselves and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") and allege as follows:

## FACTUAL ALLEGATIONS

1.    Defendant sells pet food for dogs and has worked to build a premium brand specifically targeted at ingredient-conscious pet owners.

2.    Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon.

3.    Veterinarians usually prescribe the Science Diet and Prescription Diet product

---

[1] Plaintiff refers to the individual referenced in the caption above and described more fully in ¶ 30 below.

lines to address nutritional deficiencies and health issues. Therefore, the premium ingredients present in these pet foods are an important characteristic to consumers, including the Plaintiff and Class Members.

4. At issue in this action are certain sizes and varieties of two pet food product lines: "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[2]

*Hill's Misrepresentations*

5. In its advertising, marketing material and packaging, Defendant represents that

---

[2] The products that are part of the Hill's Pet Nutrition dog food recall include the following canned dog food products (Plaintiffs reserve the right to amend this list of affected products covered by this litigation as necessary):

- Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
- Hill's Prescription Diet z/d Canine 5.5 oz.
- Hill's Prescription Diet g/d Canine 13 oz.
- Hill's Prescription Diet i/d Canine 13 oz.
- Hill's Prescription Diet j/d Canine 13 oz.
- Hill's Prescription Diet k/d Canine 13 oz.
- Hill's Prescription Diet w/d Canine 13 oz.
- Hill's Prescription Diet z/d Canine 13 oz.
- Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.
- Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.
- Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
- Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
- Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Light with Liver Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.
- Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food 12.5 oz.
- Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.

https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6QfRg_53XY__88eysT T6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last visited Feb. 19, 2019).

2

Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[3]

6. In order to better sell its Products, and to entice veterinarians to prescribe them, Defendant markets the products as formulated and intended for dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7. Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's. Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[4]

8. Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[5]

9. Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food. Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[6]

---

[3] Hill's Pet Nutrition, Inc., *Dog Food*, https://www.hillspet.com/dog-food (last visited Feb. 19, 2019).
[4] Hill's Pet Nutrition, Inc., *Quality & Safety*, https://www.hillspet.com/about-us/quality-and-safety (last visited Feb. 19, 2019).
[5] *Id*.
[6] *Id*.

10. Defendant clearly states that its Products contain the "precise balance" of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[7]

11. The packaging for the Products include claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."

12. As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, and product manufacturing and oversight are false.

*The Recall*

13. On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

14. On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science diet products.

15. Hill's claims the excessive vitamin D is "due to a supplier error."[8]

---

[7] Hill's Pet Nutrition, Inc., *Nutritional Philosophy*, https://www.hillspet.com/about-us/nutritional-philosophy (last visited Feb. 19, 2019).
[8] FDA, *Hill's Pet Nutrition Voluntarily Recalls Select Canned Dog Food for Excessive Vitamin D*, https://www.fda.gov/Safety/Recalls/ucm630232.htm (last updated Jan. 31, 2019).

*The Price Premium*

16.     Defendant charges a premium price for its Products. As demonstrated by the below examples, the Hill's Products command a substantial premium over other dog food products:[9]

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |

---

[9] Pricing information obtained from: Chewy, https://www.chewy.com (last visited Feb. 15, 2019).

| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
|---|---|---|---|
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

17. The presence of toxic levels of vitamin D in the Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead dogs indicates that the Hill's Products' value to the consumers is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them.

18. As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiff and class members suffered actual damages and economic losses because they overpaid for the Hill's Products not knowing that the Hill's Products had an adverse effect on their pets' health.

19. Consumers are willing to pay a premium for Defendant's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, and manufacturing standards. In its advertising, marketing material and packaging, Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who

6

care for them."[10]

20. Instead, consumers paid a premium for a product that sickened or killed thousands of dogs. And, all Class Members despite having paid a premium price for supposedly healthy dog food marketed to be specifically formulated to address certain health concerns and to meet certain ingredient supply, quality, and manufacturing standards, did not receive what they paid for. Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant. Instead of receiving this positive health benefits, these consumers were subject to expensive veterinary bills and related costs as they tried to address the illnesses caused by the excessive vitamin D levels in the Hill's Products.

21. As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiff and Class Members suffered actual damages and/or economic losses.

*Additional Advertising and Marketing Misrepresentations*

22. As described above and below, Defendant has engaged in an extensive, nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

23. Describing the quality of Hill's Products, Defendant's website[11] states a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted

---

[10] Hill's Pet Nutrition, Inc., *Dog Food*, supra note 3.
[11] Hill's Pet Nutrition, Inc. *Quality and Safety*, supra note 4.

only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[12]

24. Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[13] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

25. Additionally, Defendant claims that its Science Diet product line would feed "your dog's best life" with biology based nutrition.[14]

*Defendant's Misrepresentations and Omissions are Material to Consumers*

26. Although pet foods vary in the quality of ingredients, formula, manufacturing processes and inspection quality, and nutritional value, premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

27. Hill's Pet Nutrition Prescription Diet and Science Diet product lines are typically sold through a veterinarian's office and provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

28. Hill's Products emphasize nutritional value for the dogs consuming them. Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

---

[12] *Id.*
[13] Hill's Pet Nutrition, Inc., *Dog Food*, supra note 3, 10.
[14] Hill's Pet Nutrition, Inc., *Lifelong Health Starts with Science*, https://www.hillspet.com/science-diet/dog-food (last visited Feb.12, 2019).

29. Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## PARTIES

30. Plaintiff Stanley Conley is a citizen of Louisiana and resides in New Orleans, Louisiana. At various times within the Relevant Time Period (defined below), Plaintiff Conley, purchased Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz., Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz., Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz., Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.. Consumption of the product, by Conley's pet, resulted in illness and eventual death of his animal.

31. Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas 66603. Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

32. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

33. The Court can exercise supplemental jurisdiction over the Class's state law claims under 28 U.S.C. § 1367.

34. The Court can exercise personal jurisdiction over Defendant because it has regular and systematic contacts with the state of Louisiana, in which it does business and places the Defendant's Products in the stream of commerce.

35. This Court is a proper venue for this action, pursuant to 28 U.S.C. § 1391(b)(1), because Defendant is subject to personal jurisdiction in this District, the sale of Plaintiff's Hill's Products occurred in this District, and such sale gave rise to this action.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

### *The Classes Defined*

37. Plaintiff seeks to represent a class defined as all persons in the State of Louisiana who purchased Hill's Products during the Relevant Time Period. "Relevant Time Period" means the time period beginning with the earliest date that the Hill's Products contained abnormally high levels of vitamin D.

38. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

### *The Classes Satisfies the Rule 23 Requirements*

39. Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained

through appropriate discovery, Plaintiff believes the members of the Class exceed thousands of persons, if not hundreds of thousands.

40. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among questions of law and fact common to the Class and are:

    a. Whether Hill's Products contain excessive levels of vitamin D;

    b. Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

    c. Whether Defendant's labeling, advertising, and marketing is false;

    d. Whether Defendant's labeling, advertising, and marketing is misleading;

    e. Whether Defendant's labeling, advertising, and marketing is deceptive;

    f. Whether Defendant breached warranties by making the representations above;

    g. Whether Defendant was unjustly enriched by making the representations and omissions above;

    h. Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

    i. Whether the Hill's Products' value to Class Members is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them because of the toxic level of vitamin D; and

    j. Whether Defendant's actions as described above violated various state consumer protection statutes.

41. Plaintiff's claims are typical of the claims of Class and the Subclasses because Plaintiff and each member of the Class purchased Hill's Products, and suffered damages and a loss of money as a result of that purchase.

42. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

44. Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

45. Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## COUNT 1
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. § 2301, *et seq.*

46. Plaintiff and Class members repeat and reallege and incorporate by reference each allegation set forth above and further alleges as follows.

47. Plaintiff brings this Count individually and on behalf of the members of the Class against Defendant.

48. Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

49. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

50. Plaintiff purchased Hill's Products costing more than $5 and his individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

51. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

52. In connection with the sale of Hill's Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things, "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products were that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

53. Defendant breached these written warranties because the Hill's Products contained

13

excessive and toxic levels of vitamin D harmful to pet health.

54. By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiff and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and Class Members.

55. Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendant notice thereof.

### COUNT 2A
### LOUISIANA PRODUCTS LIABILITY ACT
### BREACH OF EXPRESS WARRANTY

56. Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

57. Hill is a manufacturer of a product under Louisiana Revised Statutes 9:2800.51

58. Defendant sold, and Plaintiff and members of the Class purchased Hill's Products.

59. Defendant represented in its marketing, advertising, and promotion of Hill's Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Defendant also represented that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

60. The express warranties identified herein induced Plaintiff and the Class to purchase Hill's Products.

61. Although Plaintiff and the Class members used the product as designed, the Hill's Products did not conform to Defendant's representations and warranties in that instead of the representations, the product contained excessive and toxic levels of vitamin D that are harmful to pet health rather than promoting pet health.

62. Within a reasonable time after Plaintiff knew or should have known of such

63. failure to conform to that express warranty, Plaintiff gave Defendant notice thereof.

64. As a direct and proximate result of Defendant's breaches of its express warranty

65. and failure of the Hill's Products to conform to that warranty, Plaintiff and members of the Class have been damaged in that they did not receive the product as specifically warranted, paid a premium for the product, received a product that did not conform to that warranty, incurred veterinary expenses to treat their ill pets, and suffered the damages and injuries complained of herein for which they are entitled to compensation herein.

### COUNT 2B
### LOUISIANA PRODUCTS LIABILITY ACT
### UNREASONABLY DANGEROUS DUE TO LACK OF ADEQUATE WARNING

66. Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

67. Defendant is a manufacturer pursuant to Louisiana Revised Statutes 9:2800.51.

68. Defendant sold, and Plaintiff and members of the Class purchased Hill's Products.

69. Plaintiff and the members of the Class used the Hill Product as designed.

70. The product actually contained dangerous levels of Vitamin D that might cause injury and death to the pet.

71. Defendant failed to use reasonable care to warn consumers of that unreasonably dangerous condition.

72. As a result of the inadequate warning, the product was unreasonably dangerous when it left the manufacturer's control.

73. As a further result of that unreasonably dangerous condition and inadequate warning, Plaintiff and the Class members fed the product to their pets and suffered the injuries and damages complained of herein.

### COUNT 3
### VIOLATIONS OF LOUISIANA REDHIBITION LAW
### La. Civ. Code Ann. art. 2520, *et seq*.

74. Plaintiff, individually and on behalf of the Louisiana Subclass, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

75. Hill's was at all revelant times a "merchant" with respect to dog food.

76. Hill's has violated Louisiana's Redhibition Law, La. Civ. Code Ann. art. 2520, *et seq.*, by manufacturing and selling dog food with excessive vitamin D that caused dogs to become ill and die. Therefore, Hill's Products are not suitable for consumption by dogs in Louisiana.

77. Hill's Products were warranted as being in merchantable condition and being fit for the ordinary purpose for which dog food is used. However, as argued throughout, *infra,* Hill's Products were sold in a condition that was not merchantable/or fit for their ordinary purpose in violation of the implied warranty.

78. Due to the manufacturing defect, consumption of Hill's Products, by dogs, has become dangerous. Hill's acknowledged the dangerous nature of their Products after dogs became

ill and/or died by issuing a recall. Accordingly, Plaintiff and Subclass members would not have purchased Hill's Products had they known about the defect.

79. As a direct and proximate result of Hill's conduct, Plaintiff and other members the Louisiana Subclass have been harmed in that they purchased Hill's Products they otherwise would not have.

80. Plaintiff and the Louisiana Subclass members seek all monetary and non-monetary relief allowed by law, including specifically damages for not receiving the benefit of their bargain as well as any available equitable relief. Plaintiff also seeks as an alternative damage, if proper, as an amount to be the price of a refund of the product.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant, as follows:

    a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

    b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

    d. For compensatory and statutory punitive damages in amounts to be determined by the Court and/or jury;

e. For interest on all amounts awarded from the date of judicial demand until paid; and

f. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 28, 2019

Respectfully submitted,

By: /s/ *Andrew Lemmon*
Andrew A. Lemmon (LA # 18302)
**Lemmon Law Firm, LLC**
P.O. Box 904
15058 River Rd
Hahnville LA, 70057
Phone: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Gary E. Mason (*pro hac vice* to be filed)
Danielle L. Perry (*pro hac vice* to be filed)
**WHITFIELD BRYSON & MASON, LLP**
5101 Wisconsin Avenue NW, Ste. 305
Washington, DC 20016
Tel: (202) 640-1168
Fax: (202) 429-2294
gmason@wbmllp.com
dperry@wbmllp.com

**Attorneys for the Plaintiff and Class**